Susan Orlansky, ABA 8106042
Reeves Amodio LLC
1057 W. Fireweed La., Suite 207
Anchorage, AK 99503
Telephone: +1.907.952.1668
Email: susano@reevesamodio.com

Jason R. Scherr, *pro hac vice*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Email: jr.scherr@morganlewis.com

Attorneys for Plaintiffs Native Village of Unalakleet and Native Village of Elim

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF UNALAKLEET and NATIVE VILLAGE OF ELIM,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE'S RURAL UTILITIES SERVICE and ANDREW BERKE, in his official capacity as ADMINISTRATOR OF THE RURAL UTILITIES SERVICE,<br><br>Defendants. | *Oral Argument Requested*<br><br><br>Civil Action No. 3:24-cv-00100-SLG |

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs the Native Village of Unalakleet ("Unalakleet") and the Native Village of Elim ("Elim") are federally recognized Tribes occupying Tribal Lands in the Nome Census Area of Alaska. Defendant Rural Utilities Service ("RUS") of the United States

Department of Agriculture ("USDA") administers federal funding to broadband service providers through the Rural eConnectivity Loan and Grant Program ("ReConnect Program") to cover costs of construction, improvement, or acquisition of facilities and equipment needed to provide broadband service in eligible rural areas, including Tribal Lands in Alaska.[1] During Round Four of the ReConnect Program, which took place in 2023, RUS awarded nearly $70 million in federal grant funding to two non-party broadband service providers, Interior Telephone Company ("Interior") and Mukluk Telephone Company ("Mukluk"), to deploy broadband services for the benefit of individuals and businesses in the Nome Census Area of Alaska.[2]

USDA's clear and unambiguous regulations pertaining to the ReConnect Program require that, "[i]f service is being proposed on or over Tribal Land, a Government Resolution of Consent from the Tribal Council of the Tribal Government with jurisdiction over the Tribal Lands at issue must be provided to show that they are in support of the project and will allow construction to take place on Tribal Land." 7 C.F.R. § 1740.60(c)(19). Interior and Mukluk did not obtain Resolutions of Tribal Consent from the Tribal Councils of Unalakleet, Elim, or any other Tribes within the Nome Census Area as mandated by 7 C.F.R. § 1740.60(c)(19).

By awarding Interior and Mukluk funding in the absence of Resolutions of Tribal Consent, RUS disregarded its ReConnect Program regulations. In disregarding its own

---

[1] 7 C.F.R. § 1740.1.
[2] *ReConnect Program FY 2023 Funding Opportunity Announcement Awardees*, U.S. Department of Agriculture, https://www.usda.gov/reconnect/round-four-awardees.

regulations, RUS acted arbitrarily and capriciously in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*.

As a direct result of RUS's violation of the APA, Tribes such as Unalakleet and Elim have been irreparably harmed. First, the issuance of awards in contravention of RUS regulations mandating Tribal consent itself irreparably harms Tribal sovereignty, because the right to approve or reject proposals over Tribal Lands cannot be restored by the payment of money. Second, despite obtaining nearly $70 million in ReConnect Program funding, Interior and Mukluk have not begun construction and are not serving the Nome Census Area of Alaska. Because the ReConnect Program regulations state that "RUS will not fund more than one project that serves any one given geographic area," the issuance of any award, even improper, has the effect of precluding Tribal Lands from obtaining the benefit of any future awards from RUS.[3] Thus, Tribes such as Unalakleet and Elim have been forced to accept non-existent services from providers to which they did not consent and have been prevented from receiving services from providers to which they do consent.

Third, RUS's improper awards of funding to Interior and Mukluk also compromise the rights of Tribes such as Unalakleet and Elim to benefit from alternative federal funding administered by agencies other than USDA, such as the Broadband Equity, Access, and Deployment ("BEAD") Program, causing additional irreparable harm. The State of Alaska, Department of Commerce, Community and Economic Development's Alaska Broadband Office ("ABO"), which administers BEAD Program funding for the state of

---

[3] 7 C.F.R. § 1740.11(b)(1).

Alaska, has developed a list of eligible locations for BEAD funding. Alaska "may not treat as 'unserved' or 'underserved' any location that is already subject to an enforceable federal, state, or local commitment to deploy qualifying broadband."[4] Because Interior and Mukluk have been awarded funding through Round Four of the ReConnect Program to deploy broadband services ostensibly to benefit individuals and businesses in the Nome Census Area of Alaska, this geographic region has been identified as "unserved but with projects pending" by the ABO and has been designated on the maps of eligible and ineligible service areas as having "Enforceable Commitments." *See* Maps of Eligible/Ineligible Service Areas, attached hereto as **Exhibit A** and **Exhibit B**. Thus, even though Interior and Mukluk have failed to sufficiently serve the region, the existence of the improper RUS awards, if recognized, will render Tribes such as Unalakleet and Elim ineligible to benefit from BEAD funding.

For the foregoing reasons, and as more fully addressed in the accompanying Memorandum of Points and Authorities, Unalakleet and Elim have established that a preliminary injunction should issue. Specifically, Unalakleet and Elim request that this Court enter an order compelling RUS to deobligate Interior and Mukluk's ReConnect Program awards until such time as they can be declared void and unenforceable through this action and, separately, compelling RUS to designate the Tribal Lands of Unalakleet

---

[4] *Notice of Funding Opportunity, Broadband Equity, Access, and Deployment Program*, National Telecommunications and Information Administration ("NTIA"), U.S. Department of Commerce, 36 n.52, https://broadbandusa.ntia.doc.gov/sites/default/files/2022-05/BEAD%20NOFO.pdf.

NATIVE VILLAGE OF UNALAKLEET, *ET AL*. V. USDA, *ET AL*.  Page 4
CASE NO. 3:24-cv-00100-SLG
Case 3:24-cv-00100-SLG   Document 8   Filed 05/24/24   Page 4 of 5

and Elim as "unserved," thus removing the cloud on eligibility for concurrent and future federal funding during the pendency of this action.

Dated: May 24, 2024

REEVES AMODIO LLC
By: /s/ Susan Orlansky
    Susan Orlansky, ABA 8106042
    susano@reevesamodio.com

1057 W. Fireweed La., Suite 207
Anchorage, AK 99503
Telephone: +1.907.952.1668

MORGAN, LEWIS & BOCKIUS LLP
By: /s/ Jason R. Scherr
    Jason R. Scherr, *pro hac vice*
    jr.scherr@morganlewis.com

1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001

*Attorneys for Plaintiffs Native Village of Unalakleet and Native Village of Elim*