Susan Orlansky, ABA 8106042
Reeves Amodio LLC
1057 W. Fireweed La., Suite 207
Anchorage, AK 99503
Telephone: +1.907.952.1668
Email: susano@reevesamodio.com

**Jason R. Scherr,** *pro hac vice*
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Email: jr.scherr@morganlewis.com

**Attorneys for Plaintiffs Native Village of Unalakleet and Native Village of Elim**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF UNALAKLEET and NATIVE VILLAGE OF ELIM,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE'S RURAL UTILITIES SERVICE and ANDREW BERKE,<br><br>    Defendants,<br><br>INTERIOR TELEPHONE COMPANY and MUKLUK TELEPHONE COMPANY,<br><br>    Intervenor-Defendants. | Civil Action No. 3:24-cv-00100-SLG |

NATIVE VILLAGE OF UNALAKLEET, *ET AL*. v. USDA, *ET AL*.
Civil Action No. 3:24-cv-00100-SLG   Page 1 of 7
Case 3:24-cv-00100-SLG   Document 87   Filed 12/12/25   Page 1 of 7

# PLAINTIFFS' OPPOSITION TO PARTIALLY REMOTE ORAL ARGUMENT AND MOTION TO CONTINUE ORAL ARGUMENT

Plaintiffs the Native Village of Unalakleet ("Unalakleet") and the Native Village of Elim ("Elim") hereby oppose the partially remote oral argument on Plaintiffs' Opening Brief in Support of Summary Judgment (the "Motion") now scheduled for today, December 12, 2025, and move to continue the oral argument to a later date such that **all** parties will participate in person, or in the alternative, **all** parties will participate remotely. While this Court's Amended Order invited the parties to present motions at the start of the hearing, ECF No. 86, Plaintiffs endeavored to file early as a courtesy to the parties and the Court.

At issue is Plaintiffs' Motion on Plaintiffs' claims challenging unlawful action by the U.S. Department of Agriculture (the "Government"), yielding a financial benefit to Intervenor-Defendants Interior Telephone Company and Mukluk Telephone Company (together, "Fastwyre"). As a result of the Court's scheduling changes yesterday, Plaintiffs are now the only parties who must participate in the December 12, 2025 oral argument remotely, to their detriment. Plaintiffs did not seek remote participation and object to compromising their presentation when the Government and Fastwyre will be physically present. Plaintiffs will not be able to interact with the Court and with the other parties as they will. Plaintiffs will not have access to any physical materials used by the Government and will not have the ability to rely on any of its own visual aids in the courtroom, not to mention the substantial impacts on Plaintiffs' preparation occasioned by yesterday's events. The resulting prejudice warrants vacating the now-rescheduled partially remote hearing in favor of an appearance in which all parties share equal footing.

NATIVE VILLAGE OF UNALAKLEET, *ET AL.* v. USDA, *ET AL.*
Civil Action No. 3:24-cv-00100-SLG    Page 2 of 7
Case 3:24-cv-00100-SLG    Document 87    Filed 12/12/25    Page 2 of 7

Plaintiffs brought this action to challenge the Government's failure to comply with regulations mandating resolutions of Tribal consent for grants such as the ones awarded here to Fastwyre. The Government first asserted that it had complied with the Tribal-consent requirement by accepting a letter of support from a non-Tribal entity, Kawerak. *See* ECF No. 9-1, at Ex. C. The Government then argued that the Tribal-consent requirement did not exist at the time of Fastwyre's applications, and that the only Tribal Land in all of Alaska is the one Indian reservation on Annette Island. *See* ECF No. 18, at 5-6. By Order dated December 17, 2024, Magistrate Judge Scoble rejected the Government's arguments, found that Plaintiffs indeed occupy Tribal Lands, and that the Government acted arbitrarily by failing to obtain consent from the Tribal Governments of Elim and Unalakleet. ECF No. 52 at 16-17. The Court declined to issue a preliminary injunction for the reasons stated in the December 17 Order, and the parties now appear on Plaintiffs' motion to vacate and remand the challenged agency action.

On November 19, 2025, this Court scheduled oral argument on the Motion to take place on December 12, 2025 at 10:00 a.m. AST in Anchorage, Alaska. ECF No. 79. Undersigned counsel for Plaintiffs arranged to travel from Washington, DC to Anchorage on Wednesday evening, December 10, with a scheduled arrival in Anchorage in the early morning hours of December 11. Flight delays interrupted that plan, and counsel was forced to reschedule for an itinerary from Minneapolis to Seattle Thursday, connecting to Anchorage for arrival at 4:34 p.m. on December 11, the night before the scheduled hearing. While counsel was on the plane from Minneapolis to Seattle, the Government filed a motion to continue oral argument, requesting an extension of approximately 60 days,

stemming from a development potentially impacting the outcome of the litigation. ECF No. 80. Plaintiffs declined to join the request, but agreed to not oppose. Fastwyre opposed. ECF No. 83. Plaintiffs' counsel made no travel changes while the motion was pending. After briefing from both sides, this Court granted the Government's motion, vacated the oral argument scheduled for December 12, 2025 in Anchorage, and re-scheduled it for February 10, 2026. ECF No. 84. That was 11:12 a.m AST. At the time, Plaintiffs' counsel was still on the inbound flight to Seattle, scheduled to arrive at 12:00 p.m. AST. Lead counsel for all parties corresponded by e-mail about the Court's order at 11:25 a.m. AST, indicating our understanding that the argument was now rescheduled for February. Only then, in compliance with this Court's order, counsel for Plaintiffs took steps to cancel the remaining Seattle-to-Anchorage leg and book return travel to Washington DC, for which a flight on the same airline was departing Seattle at 12:45 p.m. AST.

At 12:54 p.m. AST, after counsel was already on the outbound flight from Seattle back to Washington DC, with no intervening filing by any party, this Court vacated its earlier order setting February 10 for argument, on which Plaintiffs had relied. ECF No. 85. At that point, it became physically impossible for counsel to reverse course. By the time of this Court's revised Order at 3:33 p.m. AST resetting argument for today (ECF No. 86), while counsel was again in the air (eastbound), it was no longer possible to return to Anchorage in time to participate in person. Because not all of Plaintiffs' hearing materials could fit into carry-on luggage, some materials were checked during travel. As it happens, counsel learned upon arrival in Washington, DC that some hearing materials even now, as of this filing, are in checked baggage in Anchorage, scheduled for return this evening. The

ultimate effect of these schedule changes is that Plaintiffs' counsel spent 33 hours traveling between 4:00 p.m. EST on December 10 and 1:00 a.m. EST on December 12, during which preparation was materially compromised, not all hearing materials are available, and now Plaintiffs are the only parties unable to participate in person at the hearing on their motion to vacate the challenged Government action.

As the only remote participants, Plaintiffs will be materially prejudiced by their inability to appear in person. The Ninth Circuit has acknowledged that the use of video conference hearings must be evaluated "on a case-by-case basis," taking into consideration "the degree of interference with the full and fair presentation of petitioner's case caused by the video conference" and "the degree of prejudice suffered by the petitioner." *Vilchez v. Holder*, 682 F.3d 1195, 1199-200 (9th Cir. 2012). The circumstances that have created the situation at hand, the likely interference with Plaintiffs' ability to fully and fairly present their case, and the resulting prejudice to Plaintiffs warrant vacating this partially remote hearing for an alternative in which all parties may participate on the same terms.

Remote participation in an oral argument poses various technological and logistical challenges for remote participants, as opposed to in-person participants. The use of in-room aids is materially hampered and the remote participant is denied access entirely to the in-room materials of any other party. Objections and multi-party dialogue are interrupted, and technical limitations restrain the flow of proceedings. The quality of the remote participant's presentation is diminished and constrained. Here, these challenges are exacerbated by the fact that Plaintiffs will be the *only* remote participants, against their wishes.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order vacating the oral argument scheduled for December 12, 2025 on Plaintiffs' Opening Brief in Support of Summary Judgment, and re-schedule the oral argument to take place on a date on which all parties can appear.

Respectfully submitted,

Dated: December 12, 2025

REEVES AMODIO LLC
By: /s/ Susan Orlansky
    Susan Orlansky, ABA 8106042
    susano@reevesamodio.com
    1057 W. Fireweed La., Suite 207
    Anchorage, AK 99503
    Telephone: +1.907.952.1668

MORGAN, LEWIS & BOCKIUS LLP
By: /s/ Jason R. Scherr
    Jason R. Scherr, *pro hac vice*
    jr.scherr@morganlewis.com
    1111 Pennsylvania Avenue, NW
    Washington, DC 20004
    Telephone: +1.202.739.3000
    Facsimile: +1.202.739.3001

*Attorneys for Plaintiffs Native Village of Unalakleet and Native Village of Elim*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2025, I caused the foregoing document to be served via ECF to all counsel of record.

/s/ Jason R. Scherr
Jason R. Scherr

NATIVE VILLAGE OF UNALAKLEET, *ET AL.* v. USDA, *ET AL.*
Civil Action No. 3:24-cv-00100-SLG                                                                Page 7 of 7
Case 3:24-cv-00100-SLG   Document 87   Filed 12/12/25   Page 7 of 7